16-3168-cr
*United States v. Fagan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                        16-3168-cr

            v.

BRADLEY FAGAN,

                    *Defendant-Appellant,*

---

**FOR APPELLEE:**                    Jordan Estes, Assistant United States
                                     Attorneys, *for* Preet Bharara, United States
                                     Attorney for the Southern District of New
                                     York, New York, NY.

**FOR DEFENDANT-APPELLANT:**         Susan K. Marcus and Grainne E. O'Neill,
                                     Law Offices of Susan K. Marcus, New
                                     York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 8, 2016 order of the District Court be and hereby is **AFFIRMED.**

Defendant-appellant Bradley Fagan appeals from an order denying him bail pending trial on an eight-count indictment charging, among other things, five counts of distributing and possessing with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)((A), and one count of possessing firearms in furtherance of a narcotics offense, in violation of 18 U.S.C § 924(c). After hearing argument on Fagan's bail application, the District Court denied Fagan's request, holding that he had failed to rebut the presumption that detention is appropriate pursuant to 18 U.S.C. § 3142(e)(2). The District Court considered the relevant factors, including (1) the nature of the charges, (2) Fagan's possession in his home of a loaded semiautomatic submachine gun and a loaded .38 caliber revolver, and (3) the strength of the government's case, and concluded that Fagan represented a danger to the community. *See United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). Upon careful review of the record, we conclude that the District Court did not err in denying Fagan's application for bail.

## CONCLUSION

We have considered all of the arguments raised by defendant-appellant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 8, 2016 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk